UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT,<br><br>        Plaintiff,<br><br>v.<br><br>SCREENPLAY, INC.,<br><br>        Defendant. | Case No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Sony Music Entertainment ("Sony Music") for its Complaint against Defendant Screenplay, Inc. ("Screenplay" or "Defendant"), alleges on personal knowledge as to matters relating to itself, and on information and belief as to all other matters, as follows:

### NATURE OF THIS ACTION

1. This is a suit for copyright and trademark infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for damages to redress the willful violation of Sony Music's copyrights and trademarks. Defendant, without authorization from Sony Music, has reproduced, distributed, adapted, displayed, and publicly performed, and has caused others to reproduce, distribute, adapt, display, and publicly perform, hundreds, if not thousands, of Sony Music's copyrighted music videos. Defendant has also used, without authorization, Sony Music's music videos and trade and service marks in the advertising and sale of Defendants' services and products. Defendant's use of Sony Music's marks has been with the express purpose of communicating to existing and potential business partners that

1

Defendant was a legitimate business partner of Sony Music, which it was not.  Defendant's infringement is willful in that Defendant knows Sony Music has never granted any license to Defendant for its use of Sony Music's music videos.

2. To the extent Defendant claims that the terms of an unexecuted license is effective, Defendant never performed under that license and exceeded the scope of use contemplated in that unexecuted license.  Defendant licensed users outside of the United States, permitted music videos to be reproduced, used Sony Music's registered trademarks to give the impression that they were a licensed service, and failed to report any of this to Sony Music or make any payment to Sony Music.

## THE PARTIES

3. Plaintiff Sony Music Entertainment is a partnership duly organized and existing under the laws of the State of Delaware, with its principal place of business at 550 Madison Avenue, New York, New York 10022.  Sony Music owns the well-known, indeed iconic, record labels Columbia Records, RCA Records, Epic Records, Arista Records, and Sony Latin, among others.

4. Defendant Screenplay, Inc. is a corporation duly organized and existing under the laws of the State of Washington, with its principal place of business at 3411 Thorndyke Avenue West, Seattle, Washington 98119.  Defendant is engaged in the business of aggregating, licensing, and distributing music videos and programming for public performance at retail establishments and other venues, and as a content provider for other programming service providers, such as VJs, DJs and other sublicensors of music videos.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief under the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act § 32, 15 U.S.C. § 1114 *et seq*. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b).

6. This Court has personal jurisdiction over Defendant because Defendant regularly enters into agreements and does business with entities in New York, regularly licenses and distributes content in New York, and has performed acts directly aimed at and causing harm in New York which give rise to this Complaint, including by distributing the infringing music videos in New York. In conducting its business in New York, Defendant has agreed to submit to venue in New York. Defendant also obtained Sony Music's music videos from New York, among other places. In addition, Defendant's infringing conduct has caused and continues to cause Sony Music injury in New York, Defendant reasonably expects or should expect its infringing conduct to have consequences in New York, and Defendant derives substantial revenue from interstate commerce. Finally, to the extent that Defendant's conduct is subject to a license or agreement, such license and agreement designates the courts of New York as the exclusive venue and jurisdiction for any disputes arising thereunder.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 28 U.S.C. § 1400.

## SONY MUSIC'S COPYRIGHTED SOUND RECORDINGS AND MUSIC VIDEOS

8. Sony Music is among the leading producers of sound recordings and music videos in the United States and internationally. Sony Music produces the sound recordings and music videos under its own name and under its wholly-owned record labels, many of which are iconic,

including Columbia Records, RCA Records, Epic Records, Arista Records, and Sony Latin, among others (collectively, "Sony Labels").  Sony Music's and Sony Labels' names and reputations are widely and favorably known in the State of New York, throughout the United States, and worldwide.

9. Sony Music owns the copyrights and/or the exclusive rights, among others, to reproduce, perform, and distribute innumerable popular sound recordings and music videos that include those sound recordings, including those sound recordings and music videos listed on Exhibit A (the "Sony Copyrighted Works").  Sony Music has received Certificates of Copyright Registration from the Register of Copyrights for the Sony Copyrighted Works.  The Sony Copyrighted Works listed on Exhibit A are only a representative sample of the works infringed by Defendant, and a comprehensive list will be identified through discovery.

10. Sony Music also owns or is the exclusive licensee of many trademarks and service marks, including those set forth on Exhibit B (hereinafter "Sony Music's Marks"), which Sony Music has duly registered on the Principal Register of the United States Patent and Trademark Office.  Sony Music's Marks are distinctive and arbitrary and in some cases are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Sony Music and its predecessors invested decades of effort in building a reputation of quality and integrity in the music industry, which consumers associate with Sony Music's Marks.

**DEFENDANT'S INFRINGING CONDUCT**

11. Defendant is in the business of aggregating and distributing channels of music videos, a business it has operated since 2000.  Using Sony Copyrighted Works and music videos from other record labels, Defendant compiled music video programming into channels that it then sublicensed to bars, retail establishments and other venues such as health clubs and offices

("Programming Services").  Defendant provided the Programming Services to its subscribers in various formats such as via DVD, closed-circuit video feed, or streamed online or over a network.  Defendant even claimed to have provided the Programming Services to individual iPhones roaming around the world.

12. Defendant also aggregated, licensed, and distributed Sony Copyrighted Works to other content programming service providers in the United States and worldwide, including to 787 Networks, Inc., Lodestar Entertainment and others, which, in turn, sublicensed Sony Copyrighted Works to their subscribers ("Content Services").  In providing Content Services, Defendant sublicensed, and in some cases, reproduced and provided permanent downloads of, Sony Copyrighted Works to its customers/subscribers, all without authorization from Sony Music.  These customers/subscribers further reproduced, aggregated, distributed, adapted, displayed, and publicly performed Sony Copyrighted Works to their customers.

13. In or around June 2008, Defendant first contacted Sony Music to attempt to secure licenses to use Sony Copyrighted Works.  These discussions led to a draft agreement in February 2010 that, if executed, would grant Defendant certain limited rights to use the Sony Copyrighted Works in the United States and its territories (the "Proposed License").  The Proposed License was for a one-year term, ending January 31, 2011 and, if executed, obligated Defendant to provide usage reports and to pay Sony Music royalties on a quarterly basis.  While Sony Music asked Defendant to confirm that the Proposed License incorporated certain terms that were being discussed, Sony Music specifically indicated that the Proposed License was subject to acceptance and signature by Sony Music.

14. The Proposed License was never executed by Sony Music. At no time did Sony Music convey to Defendant that the Proposed License was either executed or in effect. Nor did Defendant ever perform under it.

15. Notwithstanding the lack of any signed agreement, Defendant nevertheless used Sony Copyrighted Works without authorization from Sony Music. Defendant reproduced, distributed, adapted, displayed, and/or publicly performed Sony Copyrighted Works, including, without limitation, by doing the following:

   a. Obtaining Sony Copyrighted Works from Sony Music that are provided for use solely for promotional and not commercial purposes;

   b. Reproducing and adapting Sony Copyrighted Works to create video programming that is delivered through numerous formats, including on DVDs, through closed-circuit video feeds and by streaming over the internet;

   c. Distributing Sony Copyrighted Works by providing the same to its customers and subscribers, located in the United States and other countries including Canada and New Zealand, for display and performance at venues and/or for its customers' further distribution to their end users;

   d. Publicly displaying and performing Sony Copyrighted Works at bars and restaurants, retail establishments, hotels, offices and other venues; and/or

   e. Licensing others to reproduce, distribute, display, and publicly perform Sony Copyrighted Works

(collectively, "Unauthorized Uses").

16. While engaging in the Unauthorized Uses of Sony Copyrighted Works, Defendant also, without authorization, used Sony Copyrighted Works and Sony Music's Marks to advertise

and market its services.  Defendant prominently and willfully displayed Sony Music's Marks and Sony Copyrighted Works on its website and on other promotional materials presented to potential customers and partners to mislead others, including customers, into believing that Defendant was an authorized licensee and a business partner of Sony Music when it in fact was not.  Indeed, Defendant continues to use Sony Music's Marks on its website.

17. In 2011, knowing that it had no signed agreement in effect to do what it had been illegally doing since at least 2010, Defendant again attempted to obtain a license from Sony Music.  Thus, Defendant reached out to Sony Labels directly in an attempt to obtain such licensing.  These efforts were unsuccessful.  Nevertheless, Defendant continued to use Sony Copyrighted Works illegally.

18. In 2012, and continuing to recognize that it had no agreement in place, Defendant tried again to obtain licensing rights through Sony Music.  It sent Sony Music the Proposed License, which Sony Music had never executed, and Sony Music agreed to review it.  Sony Music, however, neither agreed to the Proposed License nor executed it.

19. In 2013 and 2014, Defendant continued its attempts to obtain a license to use Sony Copyrighted Works from Sony Music directly and indirectly through Sony Labels.  Despite its knowledge that no license was in place, Defendant nevertheless continued to engage in the Unauthorized Uses.

20. To the extent Defendants believed the Proposed License was in effect, Defendant's Unauthorized Uses exceeded the scope and territory of any permitted uses under the Proposed License.

21. Defendant has never paid Sony Music any fees for using any of Sony Copyrighted Works.

22.     In 2014, Sony Music and Defendant attempted again to negotiate a license and to reach a settlement regarding Defendant's Unauthorized Uses.  On March 10, 2015, in order to allow the parties to pursue a settlement dialog, Sony Music granted Screenplay temporary authority to continue its use of the Sony Copyrighted Works that it had already obtained and distributed to its subscribers.  When settlement efforts failed, Sony Music sent Defendant a cease and desist letter and demanded that Defendant send take-down notices to its subscribers using Sony Copyrighted Works.  On April 3, 2015, Sony Music terminated in writing its prior temporary authorization and demanded that Defendant and its customers cease any and all use of Sony Copyrighted Works.  Notwithstanding, Defendant has continued to use Sony Marks, without authorization from Sony Music, on its website, including the marks of Sony Labels, Epic and Columbia.

**FIRST CAUSE OF ACTION**
**(Copyright Infringement under 17 U.S.C. §§ 101 *et seq.*)**

23.     Sony Music repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

24.     Sony Music owns the copyrights and/or the exclusive rights to the Sony Copyrighted Works.

25.     Through their conduct alleged above, Defendant has engaged in the unauthorized reproduction, distribution, adaptation, display, and/or public performance of Sony Copyrighted Works.

26.     Defendant's acts complained of herein constitute infringement of Sony Music's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1)-(6) and 501.

27. The infringement of each of Sony Music's rights in and to the Copyrighted Works constitutes a separate and distinct act of infringement.

28. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of Sony Music.

29. As a direct and proximate result of Defendant's infringement, Sony Music is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30. Sony Music is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**
**(Vicarious Copyright Infringement)**

31. Sony Music repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

32. Defendant had the right and ability to supervise or control the infringing activities described herein, including by delivering Content Services to subscribers who, in turn, illegally reproduced, adapted, displayed, distributed and/or publicly performed Sony Copyrighted Works without authorization.

33. Defendant received a financial benefit from the above referenced infringements.

34. Defendant's acts complained of herein constitute infringement of Sony Music's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1)-(6) and 501.

35. The infringement of each of Sony Music's rights in and to its Copyrighted Works, constitutes a separate and distinct act of infringement.

36. Defendant's acts of infringement have been willful, intentional, purposeful, in disregard of and indifference to Sony Music's rights.

37. As a direct and proximate result of Defendant's infringement, Sony Music is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

38. Sony Music further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION
### (Contributory Copyright Infringement)

39. Sony Music repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

40. Defendant, without authorization, distributed Sony Copyrighted Works to its customers and subscribers, who it knew would further reproduce, distribute, adapt, display, and/or publicly perform Sony Copyrighted Works in further infringement of Sony Music's copyrights. Defendant authorized the infringements, had knowledge of such infringing activity and induced, caused, or materially contributed to such activity.

41. Defendant's acts complained of herein constitute infringement of Sony Music's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1)-(6) and 501.

42. The infringement of each of Sony Music's rights in and to the Copyrighted Works constitutes a separate and distinct act of infringement.

43. Defendant's acts of infringement have been willful, intentional, purposeful, in disregard of and indifference to Sony Music's rights.

44. As a direct and proximate result of Defendant's infringement, Sony Music is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

45. Sony Music further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## FOURTH CAUSE OF ACTION
### (Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114)

46. Sony Music repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

47. This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, is for infringement of trademarks registered to Sony Music in the United States Patent and Trademark Office.

48. Without Sony Music's authorization, Defendant has used Sony Music's Marks to promote and advertise itself and its services without receiving any license or permission to do so. Defendant has used and continues to use Sony Music's Marks on its website and in physical and digital promotional material.

49. Defendant's aforesaid uses of Sony Music's Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendant's products and services in that the public, and others, are likely to believe that Defendant's products and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Sony Music.

50. Defendant, by its above-enumerated acts, willfully and knowingly has violated and infringed Sony Music's rights in and to the federally-registered Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Defendant's aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

52. As a result of Defendant's acts and conduct, Sony Music has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Sony Music is informed and believes that unless enjoined and restrained by this Court, Defendant will continue to infringe Sony Music's rights to Sony Music's Marks. Sony Music has no adequate remedy at law, and Sony Music is entitled to injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

### FIFTH CLAIM FOR RELIEF
**(Alternative Claim-Breach of Contract)**

53. Sony Music repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

54. In the event that the Proposed License constitutes an agreement between Sony Music and Defendant, Defendant has breached the terms of the agreement.

55. The Proposed License requires Defendant to pay Sony Music a royalty for the use of Copyrighted Works. The Proposed License also requires Defendant to provide an accounting of the royalties and to pay such royalties to Sony Music on a quarterly basis. Defendant has failed to remit any royalties or provide any accounting statements to Sony Music under the Proposed License or otherwise.

56. Sony Music has adequately and substantially performed all material obligations under the Settlement Agreement.

57. Sony Music has been damaged as a result of Defendant's breach.

**PRAYER FOR RELIEF**

By reason of the acts and circumstances alleged above, Sony Music seeks relief from this Court as follows:

1. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2. An accounting and disgorgement of Defendant's profits, gains, and advantages realized from their unlawful conduct;

3. That Defendant be required to pay to Sony Music such damages as Sony Music has sustained as a consequence of Defendant's unlawful acts as alleged above, including actual damages or statutory damages, at Sony Music's election, pursuant to 17 U.S.C. § 504;

4. That Defendant be required to pay Sony Music such damages as Sony Music has sustained as a consequence of Defendant's unlawful acts as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

5. An order enjoining Defendant from further infringing upon Sony Music's Marks;

6. That Defendant be required to destroy or remove from its products, services, websites and other physical, digital or online storage facilities, any and all copies of Sony Copyrighted Works and Sony Music's Marks, and to cause its customers and subscribers to do the same;

7. That Defendant be required to pay actual damages for its breach of contract;

8. For prejudgment interest at the applicable rate;

9. For attorneys' fees costs and costs of suit; and

10. For such other and further relief the Court deems proper.

## JURY TRIAL DEMAND

Sony Music hereby demands a trial by jury.

DATED: November 4, 2015          By: /s/ Matthew J. Oppenheim

Matthew J. Oppenheim
Julie C. Chen
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
(202) 480-2999 Telephone
matt@oandzlaw.com
julie@oandzlaw.com

*Attorneys for Plaintiff*
*SONY MUSIC ENTERTAINMENT*